Let's get started and call the first case Delaware County Cape May County versus the Federal National Mortgage Association and others Good morning, your honors. I'm Jeremy Brandon from Sussman Godfrey in Dallas, Texas representing the appellants and Substituting for my law partner Terry Oxford who's on the breeze and I'd like to reserve five minutes for rebuttal. Please sir When I was asked if I could argue this morning I was at first a bit Reluctant because we are very obviously behind the eight ball here with all of the many district courts and a couple of circuit courts That have ruled against us, but then I started digging around a little bit and I think where I disagree most your honors with the other courts is on the constitutional question and I say that with you know, a little some trepidation because one of the only things that's actually ingrained in my mind from law school is my federal courts professor telling me if you're Urging a constitutional law argument particularly if you're leading off with one you might as well just pack up and go home But I do think here in this case the constitutional argument has merit Having Having had the benefit of reading a lot of briefing from plaintiffs and defendants across the country to get up speed on this case to argue Frankly it looks like the plaintiffs have had a hard time Clarifying what their constitutional argument is and they've been a bit all over the map on it So with the court's permission I'd like to focus most of my time this morning trying to clarify and better articulate what our Constitutional law argument is and perhaps even making a few concessions There are two ways I think by which an entity can enjoy immunity from state taxation first You can have implied constitutional immunity Second you could have statutory immunity granted by the Congress and I've seen some suggestions and briefings somewhere perhaps in this case Maybe the two are Coextensive and one in the same, but I just want to be clear since I'm making the argument today I'm certainly not urging that because I think implied constitutional immunity and Statutory immunity are distinct. They're subject to distinct analyses And so on the implied constitutional immunity front I think the bottom line is this if Fannie and Freddie are So closely connected with the federal government that you can't reasonably view them as different Then they've got implied constitutional immunity We lose and this court doesn't even have to go any further Maybe maybe you can be more specific. I mean the the immunity granted to Fannie Mae and Freddie Mae derives from the Commerce Clause Under the Commerce Clause Congress made its decision that it wants to promote the mortgage market and the afford granted immunity from certain types of taxes specifically About taxes except real estate taxes. So what's wrong with that? What I mean constitutionally Why couldn't Congress do that? Yes, your honor. Thank you for that question And and that is what I'm saying is the sort of the separate the second way by which Congress The second way by which an entity can have immunity is this statutory immunity? you're talking about and that is subject to analysis under the Commerce Clause and our Argument here is that Congress exceeded its power under the Commerce Clause with respect to that statutory exemption which which of the relatively recent And there are constitutional jurisprudence which case would you hang your hat on to say they've exceeded their authority your honor I I know that the the court upheld the exercise of the Commerce Clause in the Gonzales case But I read it just again last night and I think it I would just point the court to the Gonzales the race case it lays out the history of the Commerce Clause jurisprudence, including the relevant test and The test there the test here that we should be looking at when we're looking at the statutory immunity question going to judge Fuentes his question about whether Congress had the power is Is the payment by Fannie and Freddie of these wholly intrastate local taxes Does that payment of taxes have a substantial effect on interstate commerce? But that you're putting the focus on the payment of the tax as opposed to congressional power To legislate in favor of promoting a healthy vibrant mortgage Economy housing Yeah, why should the focus be on the payment of the taxes as opposed to Congress's power to legislate? Well, I think certainly your honor I'm prepared to concede that certainly it's within the commerce power of of the Congress to Regulate the secondary mortgage market, but we've got to look not I did more than just regulate here They created these entities these two separate entities To go out and buy mortgages and they said in the process of you going out and doing that And creating a more helping to spur a mortgage market for people who may have been able to borrow and buy a home You're not gonna have to pay any taxation. You're exempt from all taxation Yes, your honor and and they sir, I agree. They've had with that well, there is nothing wrong with creating Fannie and Freddie for the purposes for which they created them to Increase housing sales and mortgages. There's nothing wrong with that. Certainly the secondary mortgage Market is commerce clause related I think I would be crazy to stand up here and make the argument that Fannie and Freddie and the secondary mortgage market are not part of interstate commerce What I'm saying instead is that we should look at this provision We're just we're focusing on this one exemption provision from all state local taxes I Thought about it this way just to try to get my mind wrapped around it certainly in the railroad context for example I mean those things are quintessentially interstate commerce There's case after case after case of Congress regulating in that area But certainly if Congress were as part of an overall regulatory scheme within the railroad Example to say well, you know members of the railroad or employees of railroads should not For example have to pay any money to vending vending machines anytime they want a piece of candy I mean that for example isn't it's part it's part of regulating railroads, but when you look at that specific provision within an overall statutory scheme a Specific provision such as that which is you know Don't pay you you don't disagree that Congress under the Commerce Clause had a right to create these two Entities I do not disagree with that your honor What you disagree with is that at the time of creation it it then exempted those entities from state Taxation. Yes, I in the context of Fannie and Freddie now both of which are now private entities What we have a problem with is the exemption of Fannie and Freddie from having to pay interstate taxes. It's certainly The Department of Justice doesn't have to pay interstate taxes and Certainly, it would be a stretch to say that Congress could exempt Walmart from having to pay interstate taxes Here, you know, we're not dealing with the Department of Justice. We're not dealing with Walmart We're somewhere in the middle and all I'm Freddie are pursuing a federal mission That mission didn't change when they were made private entities, correct Correct, and isn't it true that whatever money they would have to spend on paying the intrastate Taxation as you call it is money not available to them to promote the mission They were created to promote which is to create and foster the secondary market and mortgages. Yes, your honor I think I would have to agree with that But what I would say in response is that it in this context It doesn't rise to the level of when we're dealing with these non-discriminatory Interstate tax taxes it it doesn't rise to the level of a substantial effect on interstate commerce Which is the test that's currently enforced under Gonzalez and other cases It's certainly not you're certainly not complaining about real estate taxes. You're complaining about the state the the recording Taxes I assume in the transfer taxes, right? We're complaining about the taxes that these entities have refused to pay because we believe that While these entities don't have implied constitutional immunity because they're not federal instrumentalities, they do have statutory immunity But that statutory immunity we say was beyond the scope of Congress's power under the Commerce Clause Because the payment by Fannie and Freddie of wholly interstate taxes Does not meet the substantial effects test and it's it's not even a regulation of economic activity at all It's basically in this context with these private entities. We're not dealing with railroad It isn't isn't that legislation directed specifically at the secondary mortgage market. Isn't that a commercial activity? Yes, your honor the overall the overall statute is no doubt Regulation of the secondary mortgage market, but that it doesn't follow from that I don't think that each just because Congress has the power to do that that every single provision that just happens to be in that statute is valid under the Commerce Clause because the court Congress could put in some sort of crazy provision that everybody I'm not saying this was a crazy provision But we could just imagine a crazy provision and maybe my vending machine hypothetical wasn't any good But just a crazy provision within that overall context and certainly that provision would have to be analyzed Separate and apart from the from the larger statutory scheme. We'll get you back on. All right. Thank you Mr. Johnson Thank you. Your honors. May it please the court. I'm Michael Johnson from Arlington Porter I represent the Federal Housing Finance Agency in its capacity as conservator and I'll be speaking on behalf of all appellees today I thank the court for being here and whether and I thank the opposing counsel who I understand made extraordinary efforts to be here with us today I think the briefing on the statutory issues is good And if unless the court has questions on all taxation or the real property carve-out I'm happy to proceed to the constitutional issues that my friend Addressed in his presentation The first thing I would observe is that it's not unusual for Congress to exercise its Commerce Clause power to protect private entities from state taxation in the ERISA statute There's a preemption provision that's been held to preempt state taxes in CERCLA the environmental statute There is a provision that expressly preempts particular state taxes and that the Supreme Court evaluated in a case called Exxon against Hunt in the bankruptcy code Title 11 section 1146 specifically preempts Transfer taxes and in a couple of cases including one called Piccadilly cafeterias the Supreme Court evaluated that statute There are other provisions in title four that specifically preempt particular state taxes So this is not something unusual as the court's question government can go a little bit too far into the Commerce Clause As as it did with the violence against women Legislation it can of course it can and there have been others as well Why did it why did it not go too far in this case because this case involves regulation of a quintessentially interstate economic activity So the issues in Lopez and Morrison where the court was saying hey, wait a minute. The Commerce Clause is all about commerce and The things Congress attempted to regulate in those cases were not commerce So the regulations failed this isn't that scenario? This is a scenario where Congress is regulating a secondary mortgage market, which as the Seventh Circuit Clearly held and it's really common sense. It's a nationwide market Everything about it is inherently interstate commerce So, of course It's in within Congress's prerogative to regulate that market in the way that it deems most effective in furthering That federal mission for which Congress created these entities now What is the substantial effect on interstate commerce from the provision that's being challenged here? Well, first of all any Unnecessary cost is going to impair that mission. That's what Congress considered and Congress chose to enact a Blanket prohibition on state taxation other than real estate taxes, which these are not As a private entity, is it expected to pay its own bills? It pays its creditors bills and these are private entities now now that doesn't mean they aren't federal instrumentality We think they are and they federally subsidized They don't get Appropriations from Congress if that's what the question goes to I mean in a sense Every privilege and protection that Congress granted these entities that is not available to some other kind of corporation is Arguably a federal subsidy, so I don't want to get hung up on the semantics. These are clearly federally favored entities They've been given rights and privileges that are not available to other corporations Because Congress chartered them to pursue a federal mission Now what plaintiffs argue is that there's something special about? Taxes or there's something special about these kinds of taxes We know that there's nothing magic about state taxes because in Not the first Commerce Clause case ever But the second Commerce Clause case ever presented to the US Supreme Court Brown vs Maryland Chief Justice Marshall looked at the question. He said the state power to tax is sacred That's that's his word sacred But he recognized that there are times when that sacred element of state sovereignty is going to collide With Congress's power to regulate economic activity under the Commerce Clause and with great foresight that applies Directly to the issue in this case because Maryland in that case made the same argument that plaintiffs make here They said you know what state sovereignty is too sacred Congress lacks the power to impinge upon it You know what the rationale was for? exempting a property tax but not Transferring recording taxes. We don't know for sure. We don't know for sure. There's nothing in the legislative history I could speculate and I think it all comes back to McCulloch versus, Maryland Where the Supreme Court reserved the question of whether implied constitutional immunity applies to real estate Direct taxes on real estate. So in the intervening years when Congress has enacted a number of statutes that Functionally are the same as this there often are slight differences in the language What Congress typically does is provide a blanket exemption and then carve out an exception for real estate taxes and My speculation is that that's to not try to go beyond what was clearly authorized in McCulloch versus, Maryland And the term real estate taxes is thrown around in the briefs and all but the exemption from the exemption the carve-out Is really on the real property of the court for the real property of the corporation. That's correct Seems to me that there is some logic to that They don't want the buildings that they may occupy Fannie and Freddie may occupy to be untaxable in whatever municipality They're in that's correct. Congress did not want that the exemption to go that far. And so that's Something that we would have a different different case if the if the exemption just said Fannie and Freddie shall be exempt from all taxation. We could have that that question, but that's not the question today the question today is whether There's something special about state taxes now my friend on the at the other table said look We should be looking at the relevant activity being the state's prerogative to tax and this court looked at a very similar issue in the NCAA case that addressed the PASPA statute the sports gambling statute where Congress enacted a law that said Essentially states you can't license sports wagering and New Jersey came in and said hey, you're regulating the state's the activity that you need to be looking at is authorization of sports wagering and the court Analyzed the case by saying no the activity Congress was getting to was sports betting Not state regulation of sports betting and so of course sports betting is an interstate nationwide activity And it's Congress's prerogative to to regulate that now in the briefs the plaintiffs said hey But this is commandeering you're you're bossing the states around you're telling us what we can and can't tax and again The same issue was before the court in the NCAA case where the court held that where Congress Prohibits the states from doing something that's not commandeering for there to be commandeering Congress has to require the states to act affirmatively and in the NCAA case the federal statute merely precluded the states from authorizing sports wagering just as here the statute precludes the states from taxing these enterprises, so There's nothing magic about tax as I said Chief Justice Marshall analyzed it He said when that sacred state sovereign power to tax collides with Congress's power to regulate That which is not supreme must yield to that which is supreme and that doctrine has been carried through in the intervening 200 years nearly as Judge Posner explained in the recent Seventh Circuit decision addressing the very same issues here and From which this court would have to split if it wanted to reverse and adopt plaintiffs position So is there something special about this tax? Plaintiffs argument is well, this is a this is an especially local tax and I have to say I find that somewhat confusing because every state tax is a State tax that's state tax jurisdiction. It has to be Connected to the state and it has to be local in that sense But it always is it always the case that Congress under the Commerce Clause can tax Can exempt from taxation Practically any industry that it wishes to promote because it believes it's necessary for the economy. Well railroads or energy Industries and so forth it may not always be but every time the Supreme Court has looked at a statute that exempted a Specific sector of private enterprise from taxation. It has expressed no constitutional doubt about it The precise question has not been before the Supreme Court but the closest analogous cases are first Agricultural National Bank of Berkshire County where Congress enacted a statute that Limited the ways states can tax national banks national banks very similar to Fannie and Freddie in many relevant ways federally chartered federally important mission subject to continuous federal supervision and The state of Massachusetts came in and said hey, we should be able to tax these banks They're not doing anything special and governmental anymore They've got private competitors and the Supreme Court said it was unnecessary to consider whether National banks were still federal instrumentalities because Congress had spoken to the question in an express statute and the court would simply Apply the terms of the statute the Exxon versus Hunt case that I spoke about earlier CERCLA contained a provision preempting certain kinds of state taxes the only beneficiaries of that exemption were Petroleum and chemical companies within the state of Newt of within the states in that case the relevant state was, New Jersey Congress simply the Supreme Court I'm sorry simply applied the express terms of the statute even though the beneficiaries were clearly private entities now Fannie and Freddie aren't like oil companies or chemical companies They were chartered by Congress to pursue an important federal mission and are subject to continuing federal supervision to ensure that they follow it under the standard of US versus Michigan which postdates the New Mexico case on which plaintiffs wish to rely That's enough to make them federal instrumentalities. I see my time is up And I would be happy to answer any further questions The only thing I would observe is as I said To rule for plaintiffs the court would have to create a split with the 6th or the 7th Circuit or both depending on the issue I appreciate the courts time. Thank you Mr. Horta I May have pleased the court Patrick Erta for the United States. I'm from the Department of Justice tax division As mr Johnson has explained that the entities exemption from all taxation constituted a proper exercise of the commerce power and As the district courts properly held the exemptions plain language precludes the taxes at issue I'd like to briefly speak about the the commerce power. But since mr. Johnson did a pretty exhaustive job I'm probably going to pivot unless the court has any questions for me to the actual plain language of the statutes for just a few Moments, but what if the federal government I sort of asked mr. Johnson the same question but what if say the federal government wanted to promote the mortgage market by Making all those with mortgages from Fannie or Freddie may exempt from all state taxation. Well, I think that Judge the question is would that be would Congress have a rational basis? For doing that if Congress the basis is that it wants to promote the secondary mortgage market and leave more money with Freddie and Fannie Mae So that it could operate although that it could lend mortgages. I think that in that case even though this was the question that mr Johnson correctly noted it was left unanswered by McCulloch versus Maryland that Where Congress's commerce power properly used and we all agree that the nationwide mortgage market is a Nationwide market so it would come within the commerce power when the commerce power Conflicts with state taxation and the state taxation would would have to yield. So yes, I do believe that the commerce power in that situation assuming the Congress had a rational basis as you articulated would actually trump state taxation as Judge Posner recently Recently explained in the in the DeKalb County case And I think that it's important to realize that we're actually a step obviously removed from that This is clearly a valid exercise of the commerce power in that Fannie and Freddie have been expressly tasked with this type of Fostering a nationwide market and as judge stark correctly pointed out these taxes at issue Allow, you know the exemption of these taxes at issue allow Fannie and Freddie to preserve some assets as Congress Correct that there is no actual evidence of what Congress's intent or its rational basis was for these exemptions There's no legislative history on the point. So mr. Johnson is correct. There's no evidence except that These are we free to just speculate for ourselves I think that we can discern from why Congress might do this Yeah so I think that if you want to call it speculate but I think that we can look at the rational reasons for what Congress Was doing and what makes sense? When Congress was actually passing the statute which quite frankly preserved the entities assets so that they could facilitate their nationwide mission of Fostering the secondary mortgage market now turning briefly to the plain language of the statutes as This court has noted the statutes provide that the entities shall be exempt from all taxation imposed by state and local governments Except for real estate taxes as judge Fischer correctly pointed out. These are most certainly not real estate taxes so you don't have to worry about the the Carve-out. So the real question is Are these transfer taxes? Within the meaning of all taxation the Supreme Court dealing with similar excise taxes in Bismarck lumber has said yes Wells Fargo deals with property exemptions and therefore deals with a very Narrow exemption and so the the Supreme Court's description of all taxation in that context does not apply to the exemptions that issue here There are no further questions Thank You, Mr. Mr. Brandon Something we are not arguing that federal power is somehow not supreme of course the Commerce Clause trumps state taxation power Even all the Commerce Clause trumps all state power even the most important ones like taxation power But the exercise of that Commerce Clause power has to be Constitutional and what that dovetails into is sort of two tests and we talked about one. I didn't hear a lot of talk about Substantial effects, but judge Stark I believe asked where is the substantial effect? And I believe my friend on the other side said, you know Any cost that these entities pay for taxes are going to impair that mission And if that's true, if anything these entities pay is enough to trigger substantial effects then where is the line in future cases and And even setting aside the substantial effects test. There's one other test that I didn't mention that opening but that's in our brief It's a separate test. And and this is what the court has said. The Supreme Court has said in that ACF Industries case It has said that when you're in the area of traditional state powers Important state powers such as the power to tax when the Commerce Clause intersects those powers Congress must have had a clear and manifest purpose Must have expressed a clear and manifest purpose to preempt the tax at issue That again is the ACF Industry case and I would submit that even if defendants are right on the statutory interpretation We've got two statutory interpretation arguments as the court knows It's the all taxation argument and the real estate property exemption argument Arguably, I think under Wells Fargo the phrase all taxation Includes only direct taxes, but not excise taxes alternatively the That arguably includes transfer taxes and if that's true, how does that how does that really Include transfer taxes. Well, I mean if you look at the plain language, it says the property of the corporation. I Think judge Fisher the the language says Taxes on real property and I believe because when you look at what this transfer tax is it is a tax imposed Anytime a deed is recorded and you can't have property without deed and you certainly can't have enforceable rights on property without a deed that's been recorded and I don't think it's It's I mean, I understand courts accepted any real property the corporation's they'll be subject to state Blood blood blood to the same extent as other real property is taxed I just don't know how you get a transfer tax into that exception to the exception. Well Your honor even if you're correct on that then there still would be I think under Wells Fargo Some sort of ambiguity is whether where are we dealing with Wells Fargo? We dealt or we dealing with Bismarck and my point here. This is going back to the I'm not really urging You know, look we've lost these statutory interpretation arguments across the board I'm not under any real illusion that this court is going to be the first out of 40 courts Maybe the second to say these other courts have got it wrong but what I'm saying is is that it feeds into the Constitutional question because there's these two tests and even if defendants are absolutely correct on the statutory Interpretation arguments if it's not clear Then we should win if Congress has not clearly and manifestly Express that purpose if there's any room for doubt then we should win under that test And even if we don't win under that test, there's that substantial effects test. We've been talking about does it matter that there's a difference between property tax and Transfer and recording taxes that are paid by individuals as opposed to a tax on property Well, if I understand your honors question, I I don't the tax on property Well, I I just don't think I don't believe I understand your question The tax the tax imposed for recording deeds and transfer are Taxes that people have to pay the individuals have to pay because of the act of transferring or recording As opposed to the real estate tax which is tax on the land. Does that distinction matter? I I think your honor it doesn't we would say that it is a tax on the transaction It's and as such it is a tax on property Because it's yes the entities having to pay the tax but the entities having to pay the tax because of the Recordation and that all of that is close enough to being a tax on property at least to raise some doubt on the clear side You want to finish your last comment? Mr. Brandon? I'm sorry. I just saw this was over and I think I'll sit down Thank You. Mr. Thank you. Thank you All right. Thanks everyone. Very interesting arguments appreciate it very much and appreciate all of you who made the journey Thank you